**LAMONT BUILDING COMPANY, Plaintiff Appellant, v. COURT, Defendant Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20241.   Decided Feb. 25, 1946.

Abner H. Goldman, Cleveland, for plaintiff appellant.
Morris Morganstern, Cleveland for defendant appellee.

**OPINION**

By MORGAN, J.

On February 19, 1945, the defendant leased from the plaintiff a suite in its apartment building at 9701 Lamont Avenue in the City of Cleveland, Ohio. The defendant was informed by plaintiff's agent that the suite was to be occupied by adults only. The agent testified that in a conversation with the defendant, he said, "He did not have children or pets."

The receipt for the first month's rent of $52.50 had stamped upon it, "Specific Rental Rules: No pets—Adults only."

Defendant and his wife entered into possession of the leased suite shortly thereafter. On August 8, 1945, a child was born of the marriage. The defendant testified that his wife was pregnant when he rented the suite and he did not inform plaintiff's agent that he expected a child.

On August 24, 1945, plaintiff's attorney sent the following notice by registered mail to the defendant and his wife:

"August 24, 1945.

Mr. and Mrs. Marvin Court
Suite No. 208
9701 Lamont Ave. Cleveland, Ohio.

Dear Sir and Madam:

"This office represents The Lamont Building Company. On the 19th day of February, 1945, you rented suite No. 208 at 9701 Lamont Avenue and as part of the contract of tenancy you agreed that adults only would occupy this suite.

The suite is now being occupied by an infant as well as by yourself, which is a direct violation of the contract of tenancy. In addition thereto, the presence of the infant child is disturbing to the other tenants and complaints have been made concerning the same. You are therefore hereby directed to arrange for the occupation of the premises by adults only, or to vacate the premises at the end of the present month, to-wit, August 31, 1945, and you are further directed to abate the nuisance. In the event that same is not done forthwith, as herein requested, necessary procedures will be thereafter pursued to regain possession of the premises.

Please act accordingly.

Very truly yours
(signed) Abner H. Goldman
ABNER H. GOLDMAN"

AAG: g r g

The defendant and his wife did not vacate the premises following the notice and on September 11, 1945, the plaintiff filed this action in forcible entry and detainer. In the petition the grounds for the action were stated as follows:

(a) Tenant violated substantial obligation of his tenancy.

(b) Tenant committed and permitted a nuisance in the use of the said premises.

In his charge to the jury, the trial judge charged with reference to O. P. A. regulations that:

"The particular section of the regulations under which plaintiff seeks its remedy in this action reads as follows:

'Section 3: The tenant has violated a substantial obligation of his tenancy other than an obligation to pay rent, and has continued or failed to cure such violation after legal notice by the landlord to make violation cease.' "

The court further charged the jury that there was no evidence in the case going to show that a nuisance had been committed and maintained on the premises. Undoubtedly this charge was correct.

With reference to plaintiff's claim that the defendant had violated a substantial obligation of his tenancy, the court charged as follows:

"If you find that there was a condition agreed upon by the parties, and you further find that there was a violation of such condition, and that such violation was of a substantial obligation, as defined by the court, your verdict must be for the plaintiff. If, on the other hand, you find that the plaintiff has not proven the existence of the agreement as to such condition, or, if you find that there was no violation of a substantial obligation, your verdict must be for the defendant."

The jury rendered a verdict for the defendant and the plaintiff appealed.

It is our opinion that the plaintiff established by satisfactory evidence that one of the conditions of the lease was "No pets—adults only," and also that this was a substantial condition or obligation of the lease. If the defendant and his wife had had a child at the time the lease was made, and had concealed this fact from the landlord, or, if later they

had brought pets or a child other than their own to occupy the premises, such an occupancy accordingly would have been a violation of a substantial obligation of the lease, which would warrant an eviction.

There remains only one other question to be considered: Was the condition or obligation that there should be only adults occupying the premises, void as against public policy insofar as the birth of the child to these parents some time later would be held to be such a violation of the terms of the lease as to warrant an eviction?

Counsel in this case have not referred us to any cases where this question has been considered and passed on. Our own research has failed to disclose any such cases.

After weighing this matter carefully a majority of this court are of the opinion that the condition and obligation "adults only" is against public policy and void when applied to the case of a child born to the defendant and his wife while they are occupants of the premises. In the present extreme housing shortage such a provision in a lease of an apartment, if valid, could not but act as a deterrent to tenants, holding the lease, from having children. The danger of race suicide is often spoken of in these modern days, and it is not wholly an imaginary danger. The power and influence of the law should be exerted in the direction of encouraging and not discouraging married couples to have offspring.

Plaintiff contends that the defendant was guilty of fraud in failing to disclose to the plaintiff at the time arrangements for the lease were made, that the defendant's wife was three months pregnant. The defendant made no statement and no question was asked him on this point. He told the plaintiff's agent as testified to by her, that "he did not have children or pets." This was true and he said no more.

The fact that the defendant did not disclose his wife's pregnancy to the plaintiff, does not establish that he deliberately intended to defraud the plaintiff. After all, "there is many a slip 'twixt the cup and the lip," and there was no certainty that a child would be born to the couple in six months. Furthermore, at the end of six months, the plaintiff might no longer be the owner of the apartment, or the restrictions might be modified in the meantime. The housing shortage might also be relieved during the period, so to find another apartment might later present no problem. These are all speculations on which the record is silent. They do however, bear on the question whether the defendant by failing to inform the plaintiff of his wife's pregnancy intended to practice willful deception.

The defendants were of an age where in the normal

254

course of events they might be expected to have a child and it is not of great importance in this case whether the wife was pregnant when the lease was signed, or whether the child was later conceived. It is a matter of common knowledge that a couple like the defendant and his wife might have children. Of this fact the plaintiff's agent could hardly have been ignorant.

If the fact that the wife was pregnant when the lease was made would influence the court to hold that the occupancy of such premises by such child when born would not be permitted, and would call for an eviction, such a holding would be an inducement for the parents by unnatural means to avoid and to prevent the birth of a child.

It is quite true that in a great majority of cases, parents would resist such a temptation even at the risk of being evicted from the premises. However, we know that there are many abortions committed for even slighter reasons and the law should be on its guard not to hold forth the least inducement to married couples not to have children.

We, therefore, hold that any condition attached to the lease that would attempt to give the plaintiff the right to evict the defendant and his wife from the premises because of the presence in the apartment of a child born to the defendant and his wife six months after they entered into possession of the premises, is against public policy and therefore void.

We find no prejudicial error in the record and the verdict of the jury for the defendant must stand.

The judgment is affirmed.

SKEEL, P. J., concurs, LIEGHLEY, J., dissents.